## SMITH v. NEW ALBANY RAIL MILL CO.

SALE OF GOODS: *Objection to quality of article waived by acceptance.*

The defendant having ordered iron rails from the plaintiff, second class rails of inferior quality were sent to him, although in previous dealings he had instructed the plaintiff never to send him second class rails. On being notified that the rails were inferior, the plaintiff replied that if they were bad not to receive them. But the defendant accepted and used the rails and afterwards admitted his indebtedness for them at the price charged. In an action to recover the price, *held:* That the defendant was liable for the price charged; that evidence of the market value of the rails was properly excluded, and it was not error to refuse to instruct the jury that more than their market value could not be recovered.

---

Smith v. New Albany Rail Mill Co.

---

APPEAL from *Clark* Circuit Court.

H. P. STUART, Judge.

*Crawford & Crawford,* for appellant.

1.   Appellee having violated its contract by sending second class rails of an inferior quality instead of first class rails as ordered, appellant had the right to retain them and pay only what they were worth in the market. 21 *Fed. Rep.,* 162–3; 5 *Atl. Rep.,* 192; 4 *N. W. Rep.,* 295; 18 *Id.,* 274; 30 *Id.,* 295; 99 *N. Y.,* 514; 101 *Id..* 616; 31 *Kans.,* 92; 33 *Id.,* 491; *Ib.,* 626. See also 52 *N. Y.,* 416; *S. C.,* 11 *Am. Rep.,* 719; *Benj. on Sales,* (4th *Am. Ed.*) sec. 977, *and note* 29, 1352, 1356–8; *Smith's Merc. Law,* 644–5; 65 *Cal.,* 273; 65 *Iowa,* 359; 8 *Mees & W.,* 858, 869; 15 *Id.,* 598.

2.   Testimony as to the value of the rails at the time of the sale was admissible. 1 *Greenl. Ev.,* sec. 51, *a.*

3.   After discovering the defects, appellant had the right to retain the iron and use it and pay only the real value of it. *Cases supra.; Story on Sales,* sec. 405.

*Atkinson & Tompkins,* for appellee.

There was no warranty express or implied by appellee, that the rails were of the quality desired. When received, appellant should have declined to receive or use them. Manufacturers under an order for a particular purpose are held to warrant that the articles are fit for the purpose ordered, but mere dealers are not. 65 *Cal.,* 273; 31 *Am. Rep.,* 694; 48 *Ark.,* 325.

By receiving and using the rails appellant waived any breach of warranty, if there was any. But he acknowledged his indebtedness, and gave no notice of his claim of rebate until sued.

COCKRILL, C. J.   The appellant ordered iron rails from

Smith v. New Albany Rail Mill Co.

the appellee.  When the rails arrived he discovered that they were second class rails and were of an inferior quality.  He desired first class rails, and in previous dealings with the appellee had instructed the company never to send him second class rails.  Their charges were $35.00 and $36.00 respectively per ton for the two grades. Smith notified the appellee that the rails were of inferior quality.  The reply was that if the rails were found to be bad, not to receive them.  Smith accepted them, however, used them, and some months afterwards admitted his indebtedness for the balance due on the account rendered by the appellee at the rate of $35.00 per ton.  When sued before a J. P. for a small balance due on the account nearly a year after the purchase, for the first time he made a claim for a rebate in the price on account of the defects first complained of.  He offered to prove at the trial that he could have purchased similar rails for less money than the plaintiff charged, and asked the court to instruct the jury that the plaintiff could not recover more than the market value of the rails.  The court excluded the testimony and refused to charge the jury as requested.  There was a verdict and judgment for the plaintiff.

The market value of the rails was not material to the issue.  The plaintiff gave the defendant the option to accept the property shipped to him at the price stated, or to reject it outright.  That was the legal effect of their transaction.  He accepted the property with full knowledge of its inferiority, used it, and then promised to pay the price stipulated.  These facts were uncontroverted.

The jury could not legally return a verdict for the defendant on this evidence.

Affirm.